## ROBERTSON vs. SHEILL, administrator of Sheill.

It is no answer to a motion for costs against an administrator, who had refused to refer a demand pursuant to the statute, on which a judgment was afterwards recovered, that the defendant believed he had an equitable defence, which, pending the suit at law, he had filed a bill in chancery to enforce.

MOTION for costs against the defendant as administrator, for refusing to refer the demand pursuant to the statute. The action was upon a sealed note made by the intestate payable to the plaintiff. The demand was presented to the defendant pursuant to a notice published by him as administrator, but he refused to pay An offer to refer according to the statute was duly made and declined by the defendant. This action was then brought and the plaintiff recovered $645,73, the cause having been tried by referees.

The defendant swore to certain facts, constituting as he believed a defence in equity to the note, and stated that after issue was joined in the suit at law he filed his bill in chancery before a vice chancellor and obtained an injunction, which was dissolved on the coming in of the answers; that he had appealed to the chancellor from this order, and that he believes he can prove the case made by the bill.

*O. Allen*, for the plaintiff.

*M. Fairchild*, for the defendant.

*By the Court*, BEARDSLEY, J.   Costs are not asked on the ground that " payment was unreasonably resisted or neglected," but because " the defendant refused to refer " the demand pursuant to the statute.   (2 *R. S.* 90, § 41.)   No defence at law was pretended.   The plaintiff was required to present his demand to the administrator, and was at liberty to bring suit for its recovery.   Consenting to a reference would not have furnished an obstacle to relief in equity.   As the defendant refused to refer, and a report has been made in favor of the plaintiff for the amount of his demand, he is entitled to his costs, unless the defendant shall finally prevail in the court of chancery.

Motion granted.